JUDGE BATTS

07 CV 7109

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ERIK DAVIDSON,

                                                    Plaintiff,    **COMPLAINT AND JURY DEMAND**

    -against-

SUPERINTENDENT SAVAGE, WATCH COMMANDER STALOWITZ, LIEUTENANT POLAK, SERGEANT MARTIN J. KACZANOWSKI, SERGEANT PAGE, CORRECTION OFFICER MCCORMICK, CORRECTION OFFICER OSGOOD, CORRECTION OFFICER RONALD C. SAYGER, CORRECTION OFFICER DOUGLAS S. MOYER, CORRECTION OFFICER TERRY S. LUTHER, CORRECTION OFFICER SINICKI,

Docket #
ECF CASE



                                                    Defendants.

---------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a May 14, 2006 incident in which Officers of the New York Department of Correctional Service ("DOCS") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Plaintiff resides and is domiciled within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant was in the custody of the Department of Correctional Services. He currently resides in Fishkill Correctional Facility in Dutchess County, New York. He is domiciled at 440 E. 85th Street., #2H, New York NY 10028.

8. All other individual defendants ("the officers") are employees of New York State DOCS, and are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## NOTICE OF INTENT TO SUE

10. Within 90 days of the events giving rise to this claim, plaintiff filed written notices of intent to sue with the New York State Court of Claims.

## EXHAUSTION OF REMEDIES

11. Plaintiff exhausted his administrative grievance remedies.

## FACTUAL ALLEGATIONS

12. On November 4, 2005 until May 18, 2006 plaintiff was incarcerated at Gowanda Correctional Facility.

13. On November 4, 2005, plaintiff had a "call out" for a legal visit with the Correctional Association Prison Visiting Project, which is an oversight agency that monitors New York State Correctional Facilities and reports to the New York State Legislature. While he was waiting for the interview, several officers in the visiting room asked him what he was going to tell them about Gowanda.

14. Plaintiff was one of only a few prisoners at Gowanda individually interviewed by the Correctional Association.

15. Soon thereafter, three officers said "there goes Whistle Blower." He reported the incident to the Correctional Association, but never received a response.

16. On February 16, 2006, plaintiff was given a Tier II misbehavior report for missing a medical call-out on February 15. Plaintiff pleaded not guilty at a February 26, 2006 hearing and appealed the guilty finding.

17. On April 17, 2006, plaintiff submitted an Article 78 to Clerk of the Court in Erie County appealing the Superintendent's denial of the February 26, 2006 administrative appeal. Mr. Abbas Kalonji, a clerk at the law library, was assigned by the Superintendent to assist plaintiff with the Article 78.

18. On May 3, 2006, plaintiff learned from a memorandum distributed by Captain Ricotta that he had another argument to add to the Article 78.

19. On May 9, 2006, plaintiff wrote letters to Captain Ricotta and Superintendent Savage, adding this new argument to his previous appeal of the February 26, 2006 decision.

20. On May 11, 2006, plaintiff was interviewed by his facility counselor who advised him that he was recommending him for a minimum security facility.

21. On that same day, plaintiff was escorted to see Sergeant Boice, who asked plaintiff to explain the letter. When he did, Boice responded "you know, you may find yourself in a place you do not want to be" and then, after plaintiff requested her to respond in writing, she said "get out of my office, you're an idiot."

22. Approximately an hour later, Sergeant Boice came to plaintiff's housing unit and spoke in private with the Housing Unit Officer Houston.

23. On May 14, 2006, plaintiff was walking from his housing unit to the yard.

24. Plaintiff passed by Mr. Kalonji and the two exchanged greetings in passing.

25. Correction Officer McCormick, who was known to plaintiff as a frequent officer at his housing unit, immediately called plaintiff to the side and asked for plaintiff's identification card. McCormick said, "That's a Tier III moving violation." Plaintiff inquired about what he did wrong. The officer put his hand on his walkie-talkie and asked "Are you being argumentative?" Plaintiff asked for his identification to be returned, and McCormack replied "Get out of my face you nigger lover."

26. When plaintiff returned to the unit, he called his mother.

27. Officer McCormick returned to plaintiff's unit with plaintiff's identification, which he gave to plaintiff as he passed him on the telephone and he had written a Tier III "Inmate Misbehavior Report".

28. Officers McCormick and Osgood, the housing unit officer, then approached plaintiff and demanded he "hang up the fucking phone." An officer hung up the receiver and another handcuffed plaintiff behind his back.

4

29. Officers McCormick and Osgood then escorted plaintiff out of the unit and to the elevator in the hallway, where they met Sergeant Pizeonka, Sergeant Kaczanowski, Correction Officer Sayger and Correction Officer Moyer. The officers formed an agreement to remove plaintiff to SHU and to use excessive force against plaintiff, who remained handcuffed behind his back.

30. On May 14, 2006, approximately at 8:05 P.M., Officer McCormick rewrote the "Inmate Misbehavior Report" regarding the movement violation, but also included charges based on plaintiff's alleged conduct in the unit.

31. In the elevator, Sergeant Kaczanowski, Correction Officer Sayger and Correction Officer Moyer assaulted, battered, and subjected plaintiff to excessive force.

32. After exiting the elevator, plaintiff tried to yell to a nearby Sergeant that he had been beaten in the elevator.

33. Again, the officers assaulted and battered and subjected plaintiff to excessive force and finally he was slammed into a metal framed glass door, forcing plaintiff's head into the glass, which shattered.

34. Plaintiff's injury required hospitalization and resulted in permanent disfigurement to plaintiff's face and other head injuries.

35. Correction officers subjected plaintiff to excessive force without any legitimate security reason.

36. Sergeant Kaczanowski wrote an "Inmate Misbehavior Report" and issued four Tier III disciplinary charges against Mr. Davidson for "self-injurious behavior", "harassment", "property damage or loss" and "violent conduct".

37. Sergeant Page, who arrived only after the officers' assault, wrote an "Inmate

5

Misbehavior Report" with five Tier III charges, including, ""violent conduct", "creating a disturbance", "harassment", "refusing a direct order," and "threats".

38. Plaintiff's mother spoke with Superintendent Savage on May 15, 2006 concerning the incident outside the elevator and he told her plaintiff had a few scratches.

39. On May 15, 2006, plaintiff tried to submit a grievance report from his bed at Gowanda's infirmary through an officer.

40. On May 15, 2006, plaintiff was transferred to Attica Correctional Facility for a Formal Mental Health/Intellectual Capacity Assessment, which was requested by officers at Gowanda Correctional Facility.

41. On May 18, 2006 plaintiff was released from mental observation at Attica Correctional Facility.

42. On May 26, 2006, plaintiff submitted another grievance report to an on-duty officer at Attica Correctional Facility.

43. Lieutenant Polak was the Hearing Officer for the Superintendent's Hearings held on June 1, 2006 and June 2, 2006 at Attica Correctional Facility regarding Sergeant Kaczanowski's and Correction Officer McCormick's misbehavior reports, respectively.

44. On June 1, 2006, Lt. Polak found plaintiff guilty on all counts of Sergeant Kaczanowski's "self-injurious" behavior report and sentenced him to 90 days in the Special Housing Unit (SHU), 90 days loss of package privileges, 90 days of loss of commissary, 90 days loss of phone use, and restitution for the damaged window. On June 2, 2006, Lieutenant Polak found plaintiff guilty on all counts of C.O. McCormick's moving violation charges and sentenced him to a consecutive 45 day sentence of the same penalties.

45. On June 6, 2006, plaintiff wrote a letter to Attica's Grievance Supervisor but never

received a response.

46. On June 12, 2006, plaintiff arrived at Lakeview Correctional Facility and was locked up in SHU. On June 19, 2006, plaintiff wrote a letter to the Lakeview Correctional Facility Grievance Supervisor and never received a response.

47. On June 27, 2006, plaintiff arrived at Auburn Correctional Facility. On June 28, he arrived at Elmira Correctional Facility. On June 29, 2006, he arrived at Fishkill Correctional Facility.

48. On July 1, 2006, plaintiff realized his bag containing his legal papers was not delivered to the facility, including the copy of Grievance Report. It finally arrived three weeks later.

49. On July 7, 2006, plaintiff appealed the June 1, 2006 and June 2, 2006 guilt findings by the Hearing Officer at Attica Correctional Facility.

50. On July 27, 2006, plaintiff submitted another grievance report to the SHU officer at Fishkill CF.

51. On August 2, 2006, Fishkill's Grievance Supervisor denied plaintiff's grievances as untimely.

52. The Superintendent's Hearings of June 1, 2006 and June 2, 2006 were reversed by Donald Selsky, Director of Special Housing/Inmate Disciplinary Program on August 9, 2006 and August 10, 2006. Plaintiff was released on or about August 16, 2006. His SHU sentence expired on September 26, 2005.

53. On August 25, 2006, plaintiff wrote the Superintendent of Fishkill Correctional Facility requesting him to instruct the Fiskkill Grievance Supervisor to consider his grievance in light of the significant delays caused by five facility transfers in forty-six days.

54. On September 27, 2006, plaintiff's grievance was filed by the Inmate Grievance

Program Central Office Review Committee in Albany, New York.

55. On November 15, 2006, plaintiff's grievance was denied by Thomas Egan, Director of the Inmate Grievance Program Central Office Review Committee.

56. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

57. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

58. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional right under Article 1, Section 5, to be free from cruel and unusual punishment;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

59. The above paragraphs are here incorporated by reference.

60. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and sections five and twelve of the New York State Constitution.

61. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ASSAULT)

62. The above paragraphs are here incorporated by reference.

63. By repeatedly pressing plaintiff against the wall, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

64. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

65. Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(BATTERY)

66. The above paragraphs are here incorporated by reference.

67. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

9

68. Defendants used excessive and unnecessary force with plaintiff.

69. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

70. Plaintiff was damaged by defendant's battery.

### FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

71. All preceding paragraphs are here incorporated by reference.

72. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5 and 12 of the New York State Constitution.

73. A damages remedy here is necessary to effectuate the purposes of §§5 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### FIFTH CAUSE OF ACTION
### (CONSPIRACY)

74. The above paragraphs are here incorporated by reference.

75. Defendant officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiff.

76. Defendant Sergeant Martin J. Kaczanowski took action in furtherance of this agreement by writing a false misbehavior report against plaintiff.

77. Defendant Sergeant Page took action in furtherance of this agreement by writing a false misbehavior report against plaintiff.

78. Defendant Sergeants Kaczanowski and Page took action in furtherance of this agreement by testifying falsely to the cause of plaintiff's injuries on June 2, 2006.

79. Plaintiff was injured as a result of defendants' conspiracy.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

11

DATED:   Brooklyn, New York
August 2, 2007

TO:

Sergeant Martin J. Kaczanowski
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

Sergeant Page
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

Correction Officer Ronald C. Sayger
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

Correction Officer Douglas S. Moyer
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

Correction Officer Terry S. Luther
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

SUPERINTENDENT SAVAGE,
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

OFFICER STECHOWITZ
Gowanda Correctional Facility
P.O. Box 350, South Road
Gowanda New York 14070-0350

LIEUTENANT POLAK
ATTICA CORR. FACILITY

Yours, etc.,

*/s/ Andrew B. Stoll*

Andrew B. Stoll (AS8808)
Stoll, Glickman & Bellina, LLP
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com